Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

Tampa Division

| | |
|---|---|
| CALAND NEAL<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>**-v-**<br><br>CHSPSC, LLC<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:  *(check one)*   ✔ Yes   ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

   **A.    The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

   | | |
   |---|---|
   | Name | CALAND NEAL |
   | Street Address | P.O. BOX 2173 |
   | City and County | SARASOTA |
   | State and Zip Code | FLORIDA 34230 |
   | Telephone Number | (941) 242-3039 |
   | E-mail Address | caland.mcgruder@gmail.com |

   **B.    The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | CHSPSC, LLC |
| Job or Title *(if known)* | |
| Street Address | 4000 MERIDAN BOULEVARD |
| City and County | FRANKLIN |
| State and Zip Code | TENNESSEE 37067 |
| Telephone Number | (615) 465-7000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | CHSPSC, LLC D/B/A SHARED SERVICES CENTER |
| Street Address | 101 PARAMOUNT DRIVE, SUITE 320 |
| City and County | SARASOTA |
| State and Zip Code | FLORIDA 34232 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✔] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [✔] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [✔] Unequal terms and conditions of my employment.
- [✔] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
2016 through January 5, 2021

C. I believe that defendant(s) *(check one)*:
- [ ] is/are still committing these acts against me.
- [✔] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race
- [ ] color
- [✔] gender/sex  female
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Page 4 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

      SEE ATTACHED.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

    A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
        April 9, 2021

    B.    The Equal Employment Opportunity Commission *(check one)*:

        ☐  has not issued a Notice of Right to Sue letter.

        ☑  issued a Notice of Right to Sue letter, which I received on *(date)*  05/05/2022  .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        ☐  60 days or more have elapsed.

        ☐  less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Trial by jury, a finding that Defendant violated Plaintiff's rights, full back pay plus interest, front pay, compensatory damages, attorneys fees and costs in accordance with Title VII.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/03/2022

Signature of Plaintiff: s/Caland Neal
Printed Name of Plaintiff: Caland Neal

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

August 3, 2022
United States District Court for the Middle District of Florida, Tampa Division
Statement of Claim Supplement for Caland Neal v. CHSPSC, LLC:

1. Plaintiff began working for CHSPSC, LLC ("Defendant") in July 2015 as an Accounts Receivable ("A/R") Specialist 2.
2. In her role as an A/R Specialist 2, Plaintiff was responsible for specific and nonspecific payor accounts, invoicing, training new employees, and understanding federal medical reimbursement practices and laws.
3. During Plaintiff's employment with the Company, she received positive performance evaluations and never faced disciplinary action until the events surrounding her claims transpired.
4. From 2016 to 2020, Mr. Paul Twist was Plaintiff's direct supervisor.
5. During Plaintiff's time serving under Mr. Twist, she was subjected to several instances of sexual harassment which she reported to the Company through the appropriate channels.
6. In January 2020, Plaintiff reported Mr. Twist to Human Resources ("HR") for sexual harassment and stalking. Mr. Twist was transferred out of Plaintiff's department shortly thereafter.
7. In October 2020, while Plaintiff was working remotely, Mr. Twist began contacting Plaintiff about non-work related matters.
8. By way of example, Mr. Twist would send strange blank emails or emails concerning other employees' jobs to Plaintiff.
9. Plaintiff reported these strange occurrences and the forbidden contact to HR.
10. HR refused to rectify the behavior because they claimed Mr. Twist was not smart enough to retaliate.
11. Plaintiff again informed HR that Mr. Twist's new behaviors were in retaliation for Plaintiff's original sexual harassment complaint.
12. HR never responded to these allegations of retaliation.
13. Plaintiff was thereafter presented with writeups for baseless allegations such as gaps in time between processing invoices attributable to Defendant's requirement that Plaintiff manually process invoices.
14. Other employees were not held to the same standards with regard to timing for processing invoices.
15. Other employees were not required to manually process invoices.
16. Each time Plaintiff received a write-up, Plaintiff articulated that the actions taken by Ms. Leach constituted harassment and retaliation.
17. On October 15, 2020, Plaintiff was placed on an Performance Improvement Plan ("PIP") in order to address the alleged issues with her performance.

1

18. On January 5, 2021, Plaintiff was terminated by Defendant for alleged performance concerns.
19. Plaintiff filed a Charge with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations on or about April 9, 2021.
20. On May 5, 2022, Plaintiff received her dismissal and notice of right to sue.