UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CALAND NEAL**,

    Plaintiff,

v.                                                                 Case No. 8:22-cv-1752-WFJ-SPF

**FLORIDA HMA REGIONAL SERVICES
CENTER D/B/A SHARED SERVICES
SARASOTA**,

    Defendant.
_____/

## ORDER

Before the Court is Florida HMA Regional Services Center d/b/a Shared Services Sarasota's ("Shared Services") Motion to Tax Costs (Dkt. 72). Plaintiff Caland Neal did not file a response. Upon careful consideration, the Court grants-in-part and denies-in-part the instant Motion.

## DISCUSSION

As the prevailing party in this action, Shared Services seeks to tax costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Rule 54(d)(1) provides that costs "should be allowed to the prevailing party" unless a federal law, federal rule, or court order provides otherwise. There is a "strong presumption" that a prevailing party will be awarded costs under Rule 54(d).

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (per curiam) (citation and internal quotations omitted).

Costs that may be awarded are those explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

To recover costs, the prevailing party must present adequate evidence to enable a court to determine the specific costs incurred. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (per curiam). Upon a sufficient showing by the prevailing party, the opposing party "must overcome" the strong presumption in favor of awarding costs. *See Mano Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

Here, Shared Services's Motion indicates that it seeks to recover $1,951.75 in costs—$205.00 for the cost of subpoenaing Ms. Neal's FMLA records and $1,746.75 for the cost of Ms. Neal's deposition transcript. Dkt. 72 at 3–4. The Court will address each requested cost in turn.

## I.    Costs to Subpoena FMLA Records

Shared Services requests $205.00 for the cost to subpoena Ms. Neal's FMLA records. Dkt. 72 at 4. In support, it filed an invoice from MDA Records Retrieval reflecting service of process fees for service of subpoenas for records from a source in Tallahassee ($25.00) and a source in Chicago ($180.00). Dkt. 73-3 at 1. "Costs of service of civil summons and subpoenas by a private process server are taxable so long as those costs do not exceed the fees charged by the United States Marshals Service." *Johnson v. Cumberland Gulf Grp.*, 6:17-cv-788-Orl-41KRS, 2019 WL 11502526, at *5 (M.D. Fla. Jan. 23, 2019) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)), *report and recommendation adopted by* 2019 WL 11502470, at *1 (M.D. Fla. Feb. 12, 2019). The U.S. Marshall Service currently charges $65.00 per hour for each item serviced, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a).

Shared Services did not break down its requested fees by hour or type of cost; therefore, the Court will award $25.00 for the cost of subpoenaing records from Tallahassee and $65.00 for the cost to subpoena records from Chicago. *See*

*Gould v. Carnival Corp.*, 19-cv-20289-GOODMAN, 2022 WL 742737, at *4 (S.D. Fla. Mar. 10, 2022). In total, the Court awards Shared Services $90.00 for the cost of subpoenaing Ms. Neal's FMLA records.

## II. Costs of Ms. Neal's Deposition Transcript

Shared Services also requests $1,746.75 for the cost of Ms. Neal's deposition transcript. Dkt. 72 at 3–4. It attached a supporting invoice to its proposed Bill of Costs. Dkt. 73-2 at 1. Section 1920(2) expressly authorizes the taxation of "transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Specifically, if a party uses a deposition to support its motion for summary judgment, the transcript cost is taxable. *W&O, Inc.*, 213 F.3d at 621. Shared Services cited Ms. Neal's deposition throughout its Motion for Summary Judgment. *See generally* Dkt. 56. The Court therefore awards Shared Services $1,746.75 in deposition transcript costs.

## CONCLUSION

Based on the foregoing, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Shared Services's Motion to Tax Costs (Dkt. 72). Following the Court's entry of a final bill of costs, the Clerk is directed to enter an award of costs in the amount of $1,836.75 in favor of Shared Services and against Ms. Neal.

5

**DONE AND ORDERED** at Tampa, Florida, on June 26, 2024.

>  */s/ William F. Jung*
>  **WILLIAM F. JUNG**
>  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Pro Se Party
Counsel of Record